J-A12012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TANYA BAILEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FERNANDO PERDIGAO AND JUDITE | : | |
| SANTOS PERDIGAO | : | No. 2080 EDA 2017 |

Appeal from the Judgment Entered June 23, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  May Term, 2015 No. 02228

BEFORE:  BOWES, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                  **FILED AUGUST 15, 2018**

Tanya Bailey ("Plaintiff") appeals from the judgment entered following a jury verdict in favor of Fernando Perdigao ("Defendant") in this motor vehicle negligence case.  We affirm.

Plaintiff filed a complaint alleging that Defendant was negligent in causing a collision with Plaintiff's car on a street in Philadelphia in October 2013.[1]  Plaintiff obtained a judgment against Defendant at an arbitration proceeding, from which Defendant appealed.  Defendant was in Portugal during the litigation of the case, and was deposed via video-conference in August 2016, after expiration of the case's discovery deadline.  At the deposition Defendant produced for the first time photographs of the accident

_____

[1] Defendant's wife, Judite Santos Perdigao, was also named as a defendant, but was dismissed from the case prior to this appeal.

scene that he had taken with his phone. On January 23, 2017, during the subsequent trial, Plaintiff objected to the introduction or use of the photos based upon the discovery violation. The trial court overruled the objection, and the photos were admitted. The jury ultimately concluded that Defendant was not negligent.

Following the denial of Plaintiff's post-trial motion and the entry of judgment, Plaintiff filed a timely notice of appeal. Thereafter, both Plaintiff and the trial court complied with Pa.R.A.P. 1925.

On appeal, Plaintiff maintains that the trial court abused its discretion in allowing

> the admission into evidence and publication to the jury of several photographs taken at the accident scene, purportedly of the parties, the cars[,] and the location of the accident, when these photographs were not produced to [Plaintiff] until 71 days after the court[-]mandated case management order discovery deadline and 2 and a half years after the accident[.]

Appellant's brief at 4.

We consider Appellant's arguments mindful of the following.

> [O]ur standard of review of a trial court's decision to admit or exclude evidence is well-settled. When we review a trial court ruling on admission of evidence, we must acknowledge that decisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law. In addition, for a ruling on evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

***Stapas v. Giant Eagle, Inc.***, 153 A.3d 353, 367-68 (Pa.Super. 2016) (quoting ***Stumpf v. Nye***, 950 A.2d 1032, 1035-36 (Pa.Super. 2008)).

"All relevant evidence is admissible, except as otherwise provided by law." Pa.R.E. 402. "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403. Further, relevant evidence may be excluded as a sanction for violating pretrial discovery rules where the opposing party suffers "unfair and prejudicial surprise" as a result. ***Bindschusz v. Phillips***, 771 A.2d 803, 811 (Pa.Super. 2001).

Plaintiff's arguments that the trial court abused its discretion in not imposing a discovery sanction in the instant case are based solely upon the fact that Defendant did not produce the photographs in compliance with the case management order, and that the trial court did not require an explanation from Defendant for the late production. Appellant's brief at 13. Plaintiff repeatedly notes that the photographs were produced seventy-one days after they should have been, and complains that "they were grossly late" when produced "at the last minute discovery deposition." ***Id***.

Plaintiff properly states that the purpose of discovery rules "is to avoid unfair surprise and prejudice by enabling the adversary to prepare a meaningful response." ***Id***. at 16. However, rather than attempt to show how

- 3 -

she was disadvantaged in any way by the timing of Defendant's production of the photographs, Plaintiff merely contends that courts must not allow rules to be "violated with impunity."[2] *Id*. at 13.

Plaintiff ignores that the photographs in question were **not** produced at the last minute. They were given to Plaintiff **a full five months before trial**. Defense counsel produced them as soon as they were obtained from Defendant, who resided in Portugal during the litigation of the case.

The trial court offered the following explanation of its decision to admit the photographs.

> Nothing could be more relevant under Pennsylvania Rule of Civil Procedure 402, and less unfairly prejudicial to the Plaintiff, under Pennsylvania Rule of Evidence 403, than contemporary photos of the vehicles and the accident scene. . . . Plaintiff's [claim of error] is grounded on the specious argument that Plaintiff was prejudiced by the production to Plaintiff by the Defense counsel of the photos after the Discovery Deadline and their subsequent introduction into evidence at trial. First, the Defense has an ongoing duty to provide discoverable information to the Plaintiff, and is to be applauded for doing so, not on the eve of trial, but 160 days before trial. There was no ambush on the eve of trial. There was no unfair prejudice to Plaintiff in the Court allowing photographs of the vehicles and the accident scene to be published to the jury. The photos were relevant under Rule of Evidence 402 and not

---

[2] Were we to adopt Plaintiff's position that draconian consequences must be imposed for even minor, non-prejudicial deviations from rules, we could refuse to reach the substance of her appeal because her statement of errors complained of violated Pa.R.A.P. 1925(b)(4)(iv) in being redundant; the argument portion of her brief is not divided into as many parts as the number of questions she stated, as is required by Pa.R.A.P. 2119(a); and it does not appear that she used at least a fourteen-point font in her brief as Pa.R.A.P. 124(a)(4) mandates. However, we decline to penalize Plaintiff for her deviations from the Rules because they have not hampered our ability to decide her appeal on its merits.

unfairly prejudicial to Plaintiff under 403. As such, the photos of the accident were helpful to the jury in understanding the facts of the case.

Trial Court Opinion, 12/4/17, at 5-6.

The trial court's assessment is completely reasonable. Since Plaintiff does not point to a single thing that she would have done differently in preparing her case if she had obtained the photographs seven months before trial rather than five months before trial,[3] we discern no abuse of discretion by the trial court in admitting the photographs and refusing to impose discovery sanctions upon Defendant. *Accord Anthony Biddle Contractors, Inc. v. Preet Allied Am. St., LP*, 28 A.3d 916, 925-26 (Pa.Super. 2011) (holding trial court abused its discretion in strictly enforcing discovery deadline where party had substantially complied with case management order and opposing party was not prejudiced). Therefore, the trial court properly denied Plaintiff's post-trial motion, and we affirm the judgment entered upon the jury's verdict.

Judgment affirmed.

---

[3] The closest Plaintiff comes to claiming any prejudice is that she "would have been precluded from rebutting or presenting any expert testimony, reports, or response to these last minute photographs" because she obtained them after her deadline for expert discovery. Appellant's brief at 13. However, she does not indicate that she sought but was denied the opportunity to produce a late expert, let alone specify what kind of evidence any expert could have been asked to give regarding simple photos of the two cars next to each other in the street. Such vague speculation does not warrant a finding of prejudice.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary


Date:8/15/18